This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                   **NO. 34,549**

**DARREN LOUIS JAMES,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for possession of a controlled substance, resisting evading or obstructing a peace officer, and concealing identity. We

previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

{2} We will begin our discussion with the issues raised in the docketing statement and renewed in the memorandum in opposition.

{3} Defendant continues to argue that the State's failure to respond to his pro se motion to dismiss should have been treated as a concession, and as such, the motion should have been granted. [MIO 3-5] However, as we previously observed, the State is not required by the Rules of Criminal Procedure to respond to a defendant's pretrial motions. *See State v. Steinmetz*, 2014-NMCA-070, ¶ 40, 327 P.3d 1145. We further understand Defendant to take issue with the district court's failure to schedule a hearing. [DS 4-5] However, insofar as Defendant filed the motion pro se when he was represented by counsel, [DS 4] the district court properly disregarded the filing. *See generally* Rule 5-103(E) NMRA ("The clerk shall not file a pleading or paper of a defendant who is represented by an attorney, unless the paper is a request to dismiss counsel or to appear pro se.").

{4} Defendant also renews his argument that the evidence obtained as a consequence of the encounter between himself and the police should have been

2

suppressed on constitutional grounds. [MIO 5-9] However, as we previously observed in the notice of proposed summary disposition and as Defendant acknowledges in his memorandum in opposition, this argument was not advanced below. [MIO 8] Because the issue is unpreserved, we decline to consider the merits. *See, e.g.*, *State v. Akers*, 2010-NMCA-103, ¶ 37, 149 N.M. 53, 243 P.3d 757 (declining to consider a similar argument under analogous circumstances).

{5}     Finally, we turn to Defendant's motion to amend, by which he seeks to advance a claim of ineffective assistance of counsel. [MIO 9-13] In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

{6}     Defendant bases his claim on counsel's failure to pursue a motion to suppress. [MIO 11-12] The chief difficulty with Defendant's's argument is that the limited record before us provides inadequate support for it. Because the issue was not raised below, neither the operative facts nor the applicable principles of law were developed. [MIO 8] This is a fatal deficiency. *See State v. Crocco*, 2014-NMSC-016, ¶ 15, 327

P.3d 1068 ("Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance."). Under the circumstances, we deny the motion to amend on grounds that the issue is not viable. *See, e.g.*, *State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying a motion to amend to advance a claim of ineffective assistance for similar lack of support on the record). However, to the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See Crocco*, 2014-NMSC-016, ¶ 13 ("Evidence of an attorney's constitutionally ineffective performance and any resulting prejudice to a defendant's case is not usually sufficiently developed in the original trial record. For this reason, a claim of ineffective assistance of counsel should normally be addressed in a post-conviction habeas corpus proceeding, which may call for a new evidentiary hearing to develop facts beyond the record, rather than on direct appeal of a conviction[.]" (internal citation omitted)).

{7}     Accordingly, for the reasons set forth in the notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

4

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**